UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| 365 CONNECT, LLC | * | CIVIL ACTION NO. 14-995 |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| SOMERSET PACIFIC, LLC AND | * | JUDGE: |
| JASON MARTIN | * | |
| | * | MAGISTRATE JUDGE: |
| *   *   *   *   *   *  | * | |
| | | JURY TRIAL DEMANDED |

## COMPLAINT

NOW INTO COURT comes 365 Connect, L.L.C., through undersigned counsel, and initiates the above-captioned lawsuit.  In support of such lawsuit, plaintiff, 365 Connect, L.L.C. alleges the following:

## PARTIES

### 1.

The plaintiff, 365 Connect, L.L.C. ("365 Connect") is a Louisiana limited liability company domiciled in Orleans Parish.  Domicile address at 650 Poydras Street, Suite 2805, New Orleans, LA 70130.  Registered Agent is Ryan P. Kirby.  Officer is Intradel Corporation, Manager/Member.

**2.**

Defendant, Somerset Pacific, LLC, ("Somerset") is an Idaho limited liability company. The Registered address at 4110 Eaton Ave., Suite C, Caldwell, ID 83607; Registered Agent: C. Fred Cornforth, 4110 Eaton Ave., Suite A, Caldwell, ID 83607.

**3.**

The bulk of communications with Somerset have been with James R. Donoval, Esq., attorney for Somerset Pacific.  Mr. Donoval is located at 4110 Eaton Ave., Suite D, Caldwell, ID 83607.  Office: (208) 459-8522 Ext. 1576. Cell: (312) 859-2029. Jdidaholaw@gmail.com.

**4.**

Defendant, Jason Martin is on information and belief a person of majority and capacity, domiciliary of Ada County, Idaho, and successor in interest and liability to Belzo Media, LLC, an Idaho limited liability company administratively dissolved by the Idaho Secretary of State.

**5.**

On information and belief Mr. Martin is domiciled at 902 W. Hays St., Boise, ID, 83702.

## **JURISDICTION**

**6.**

This Complaint states various Federal causes of action, thereby incorporating jurisdiction under 28 U.S.C. § 1331.  Jurisdiction over trade dress and/or copyright claims is additionally invoked pursuant to 28 U.S.C. § 1338(a), 15 U.S.C. § 1125(a) and/or 17 U.S.C. § 501 *et seq.* (relating to copyright violations) and/or 17 U.S.C. § 1203 (relating to digital circumvention).

**7.**

Any and all supplemental, state law claims form part of the same case or controversy as the Federal causes of action.  Accordingly, jurisdiction over the supplemental claims is proper under 28 U.S.C. § 1367.

**8.**

Further, Defendant Somerset is an Idaho limited liability company with its principal place of business in Idaho and accordingly is an Idaho resident.  Defendant Martin is, upon information and belief, of Idaho citizenship. The plaintiff is a Louisiana limited liability company with its principal place of business in Louisiana and accordingly is a Louisiana resident.  Therefore, the parties have complete diversity.  Further, the amount in controversy is in excess of $75,000.  Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332.

**9.**

Personal jurisdiction is proper as the contacts, contracts and transactions giving rise to the instant dispute arose in this jurisdiction, and the harm was suffered here, including, *inter alia*, negotiation and execution of the contract, plaintiff's provision of the services described, and defendant's acts of copying predicate to infringement and breach.

**<u>VENUE</u>**

**10.**

Plaintiff's technology tools were designed, authored and maintained by 365 Connect in the Eastern District of Louisiana at all relevant times, including during defendant's acts of

infringement and breach of contract.  Accordingly, a substantial part of the underlying events occurred in the Eastern District of Louisiana.

**11.**

Further, the parties, in the Terms of Use, agreed to litigate all disputes in the Eastern District of Louisiana.

**FACTS**

**Chronology of Events**

**12.**

365 Connect is a web-based computer software developer creating and marketing original, proprietary, web-based property management tools to property owners and managers in the multifamily housing industry.

**13.**

This technology is provided by 365 Connect through a "Software as a Service" model, in which paid subscribers receive access to 365 Connect's web-based platform, together with the ability to use certain portions of that technology for online marketing, leasing and resident services during the term of the subscription.

**14.**

Paid subscriber access to the web-based platform is provided in accordance with- and contingent on acceptance of- the software Terms of Use, provided in accordance with ordinary industry practice for Software as a Service. The web-based software products provide

subscribing property owners and management companies with an integrated system for online marketing, leasing, and service delivery to tenants.

**15.**

365 Connect's platform has been specifically designed, after significant research and development, to increase resident retention rates for subscribers, thereby improving subscribers' profitability. The 365 Connect technology has the ability to facilitate marketing of subscribers' properties on popular websites, automate subscribers' social media postings about their properties, and provide both desktop and mobile interfaces.

**16.**

The 365 Connect technology provides subscribers with tools for use throughout the tenant lifecycle and makes available services useful to subscribers during the term of a tenant's lease.

**17.**

The tools provided by the 365 Connect platform include public-facing websites for each property.

**18.**

These property websites use graphical "templates" created by 365 Connect to convey a particular look and feel.

**19.**

The templates consist of HTML code, graphics, colors, layout, text, information design and link structure, all carefully chosen.

**20.**

The 365 Connect technology platform, and its component elements, including but not limited to the property website templates, are comprised of proprietary, original works of authorship original to 365 Connect, both individually and as compilations.

**21.**

The property website templates contain artwork licensed by 365 Connect and not in the public domain.

**22.**

The interface and design of the 365 Connect platform, including the property website templates, are unique to 365 Connect, and widely recognized as distinctive to 365 Connect by current and potential consumers within the relevant industry.

**23.**

At all relevant times, subscribers' use of these property websites and the templates was- and continues to be- provided subject to the Terms of Use.  The 365 Connect technology is stored on 365 Connect servers and maintained by 365 Connect staff.

**24.**

365 Connect has devoted significant time, effort, and money to the development of the technology platform.

**26.**

The visually and technologically distinctive 365 Connect technology platform is particularly unique in its qualification for management of affordable housing properties.

**27.**

365 Connect's platform has a proven history of reducing expenses for clients.

**28.**

Defendant Somerset Pacific is a property management company focusing on affordable housing and/or multifamily housing qualifying for various tax credits.

**29.**

Somerset Pacific, upon information and belief, provides property management services to multifamily properties.

**30.**

On or about April of 2012, Somerset Pacific initially contracted with 365 Connect to provide its platform to ten properties. For each property, Somerset provided Somerset Pacific LLC as the "billing contact."  Somerset also provided a billing address for each property of "4110 Eaton, Caldwell, ID" as the billing address– the same address as Somerset Pacific. Somerset further provided a contact for a "community manager" with an email address bearing the domain "somersetpacific.com."

**31.**

Somerset was charged a monthly fee for each site.

**32.**

Somerset never complained about the services it received from 365 Connect.

**33.**

The contract between 365 Connect and Somerset was on a month-to-month basis, subject to 365 Connect's binding "Terms of Use".  *See* Terms of Use, attached hereto as Exhibit A.

**34.**

The Terms of Use state, in relevant part:

a. "This Website is offered to you conditioned on your acceptance without modification of the terms, conditions, and notices contained herein.  Your use of this Website constitutes your agreement to all such terms, conditions, and notices…."

b. "You may not modify, copy, distribute, transmit, display, perform, reproduce, publish, license, create derivative works from, transfer, or sell any information, software, products or services obtained from this Website…."

c. "As a condition of your use of this Website, you warrant to 365 Connect that you will not use this Website for any purpose that is unlawful or prohibited by these terms, conditions, and notices…."

d. "Software (if any) that is made available to download from this Website ('Software') is the copyrighted work of 365 Connect and/or its suppliers.  Your use of the Software is governed by the terms of the end user license agreement, if any, which accompanies or is included with the Software ('License Agreement')…."

e. "This agreement is governed by the laws of the United States of America.  You hereby consent to the exclusive jurisdiction and venue of courts in the United States Eastern

District Court, New Orleans, Louisiana in all disputes arising out of or relating to the use of this Website…."

f.   "All contents of this Website are: Copyright © - 365 Connect, LLC – All rights reserved."

Somerset never voiced objection and/or concern regarding the Terms of Use.

**35.**

365 Connect received a letter from Somerset Pacific dated November 18, 2013 terminating its subscription effective December 31, 2013.

**36.**

No explanation for the termination was provided.

**37.**

Upon information and belief, Somerset proceeded to copy, duplicate and/or create derivatives of portions or the entirety of the 365 Connect platform and use the same on at least 42 properties managed and/or owned by Somerset.

**38.**

Specifically, on information and belief, Somerset hired Defendant Jason Martin, then sole proprietor and/or member-manager of Belzo Media, LLC, for the explicit purpose of creating a series of property websites which duplicate or mimic in whole or substantial part the distinctive public-facing elements of the 365 Connect platform including editorial choices, compilations, layout, color schemes, information architecture, graphics, navigation structure and linking words (the "365 Intellectual Property").

**39.**

On information and belief, Defendant Jason Martin, either individually or through the direction of employees or agents, complied with Somerset's instructions to copy the 365 Intellectual Property.

**40.**

365 Connect discovered this breach and infringing activity in or around January 2014.

**41.**

Upon discovery, 365 Connect advised Somerset that it did not have authority to copy the 365 Connect templates, nor to use certain images that 365 Connect had licensed; and that Somerset had built websites by improperly appropriating 365 Connect designs, graphics, layout and/or source code from the template design provided during the subscription term.

**42.**

On January 14, 2014, 365 Connect, through counsel, explicitly notified Somerset of its copyright infringement and breach of the United States Copyright Act, 17. U.S.C. 101 *et seq.,* pursuant to 17 U.S.C. 501 *et seq.*, demanding Somerset immediately remove the infringing content and confirm in writing by reply letter compliance with that demand.

**43.**

365 Connect subsequently found and requested removal of its intellectual property materials on some 42 additional websites of properties managed and/or owned by Somerset.

**44.**

Through the course of multiple communications, Somerset first offered to make all the requested changes and then reversed course by refusing to do so.  This reversal of position only came after 365 Connect had undergone significant damage and legal fees.

**45.**

365 Connect subsequently demanded Somerset provide a factual or legal basis for its reversal of course.

**46.**

Somerset provided various spurious excuses including, *inter alia*, technical feasibility, need for clarification, a post-hoc rejection of the already breached contract, and a misapplication of the "work for hire" doctrine directly conflicting with the statutory definition found in 17 U.S.C.

**47.**

No substantive reply to repeated requests for explanation from Somerset was ever received by 365 Connect.

**48.**

On or about April 29, 2014, 365 Connect, through counsel, filed a complaint with the Louisiana Attorney General against Somerset for unfair trade practices.

**49.**

The actions of Defendants have caused a potential market dilution for 365 Connect's platform.

**50.**

The actions of Defendants are likely to create confusion within the market place.

**51.**

The actions of Defendants are likely to create confusion as to the source of 365 Connect's goods and services.

**52.**

Defendants' unlicensed copying of the 365 Intellectual Property causes potential consumers to confuse Somerset and 365 Connect such that potential clients are likely to divert commerce to Somerset and/or its current vendor.

**53.**

Portions of Defendants' unlicensed copying of the 365 Intellectual Property are so substandard that they could reasonably blur or tarnish the association of quality in the mind of the consumer with regard to 365 Connect's brand identity, product, and the 365 Intellectual Property.

**54.**

The above actions establish that Somerset, by and through Jason Martin and individually, engaged in intentional conduct designed to injure 365 Connect for Somerset's financial gain.

**55.**

At all relevant times, Defendant Jason Martin, acting at the direction of Defendant Somerset, effected the infringement.

**56.**

On information and belief, Defendant Jason Martin was aware that the infringing websites he developed were based on the 365 Intellectual Property.

**57.**

On information and belief, Defendant Jason Martin was provided with access to the 365 Connect platform and 365 Intellectual Property by Defendant Somerset, in violation of the Terms of Use and 17 U.S.C. § 1201.

**58.**

Somerset has not paid 365 Connect any amount since Somerset's breach and infringement.

**59.**

365 Connect continues to suffer harm in the form of:

    **a.**    Lost profit;

    **b.**    Injury to reputation;

    **c.**    Attorney fees;

    **d.**    Lost potential profit; and

    **e.**    Court costs

**<u>Claim One – Defendants Somerset and Jason Martin's Infringement of Copyright</u>**

**60.**

365 Connect re-alleges and re-avers paragraphs 1-59 as if fully alleged herein.

**61.**

The 365 Connect Software as a Service technology includes original literary and pictorial works.

**62.**

The 365 Connect Software as a Service technology, both in aggregate and with regard to the property websites, constitute compilations susceptible of copyright protection.

**63.**

The 365 Connect Software as a Service technology is original to and authored by 365 Connect.

**64.**

The 365 Connect Software as a Service technology is fixed on its servers, and otherwise proper subject matter susceptible of copyright protection.

**65.**

The 365 Connect platform is used around the country and is exclusively to be employed by 365 Connect subscribers.

**66.**

Defendants Somerset and Jason Martin used Somerset's subscriber access to 365 Connect's works of authorship in order to copy them and/or create derivatives therein.

**67.**

Somerset's websites, as developed by Jason Martin under Somerset's direction, are probatively and substantially similar to the templates created for the 365 Connect subscriber platform.

**68.**

Somerset's use of the infringing websites created by Jason Martin has deprived 365 Connect of revenue.

**69.**

The infringing development of the websites was willful.

**70.**

On information and belief, Somerset has not implemented controls to preclude further piracy of 365 Connect's original website designs.

**71.**

365 Connect prays that this Honorable Court hold Somerset and Jason Martin jointly and severally liable for all incidental and consequential damages, actual damages, court costs, attorney fees, and any and all other relief the Court finds just and equitable for each of the forty-three instances of infringement.

**72.**

365 Connect explicitly reserves its right to elect to recover statutory damages pursuant to 17 U.S.C. § 504(c), to include a willful damages award of up to $150,000 for each of the forty-three instances of infringement.

**Claim Two – Defendants Somerset and Jason Martin's Circumvention of Access Controls in Violation of the Digital Millenium Copyright Act**

**73.**

365 Connect re-alleges and re-avers paragraphs 1-72 as if fully alleged herein.

**74.**

365 Connect employed a number of technological measures to preclude unauthorized access and copying of the 365 Intellectual Property, including but not limited to implementation of a username and password scheme limiting access to authorized users.

**75.**

Defendant Somerset knowingly and willingly circumvented these technological measures by providing Jason Martin with access to the 365 Connect technology platform and/or accessing it directly for purposes of creating unauthorized derivative works and/or copies.  Jason Martin knowingly and wilfully used such access for these purposes.

**76.**

365 Connect prays that this Honorable Court hold Somerset and Jason Martin jointly and severally liable for all incidental and consequential damages, actual damages, court costs, attorney fees, and any and all other relief the Court finds just and equitable for each instance of circumvention pursuant to all relevant statutes, including but not limited to 17 U.S.C. § 1203(b)(1)-(6) and 17 U.S.C. § 1203(c).

**77.**

365 Connect explicitly reserves its right to elect to recover statutory damages pursuant to

17 U.S.C. 1203(c)(3), to include a willful damages award of up to $2,500 for each occasion of

circumvention.

**Claim Three – Defendants Somerset and Jason Martin's Removal of Copyright Management Information in Violation of the Digital Millenium Copyright Act**

**78.**

365 Connect re-alleges and re-avers paragraphs 1-77 as if fully alleged herein.

**79.**

365 Connect provided copyright notice and author attribution information, including both

public notice and/or HTML "metadata," "comments," and/or other source code within the 365

Intellectual Property.

**80.**

In creating copies of the 365 Intellectual Property Defendant Jason Martin, on behalf of

and on instruction from Defendant Somerset, knowingly and with the intent to facilitate or

conceal infringement intentionally removed such copyright management information.

**81.**

Defendants did then knowingly and with the intent to facilitate or conceal infringement

provide false copyright management information claiming Somerset held copyright in the

infringing works.

**82.**

365 Connect prays that this Honorable Court hold Somerset and Jason Martin jointly and severally liable for all incidental and consequential damages, actual damages, court costs, attorney fees, and any and all other relief the Court finds just and equitable for each instance of circumvention pursuant to all relevant statutes, including but not limited to 17 U.S.C. § 1203(b)(1)-(6); 17 U.S.C. § 1203(c).

**83.**

365 Connect explicitly reserves its right to elect to recover statutory damages pursuant to 17 U.S.C. 1203(c)(3), to include a willful damages award of up to $25,000 for each of the forty-three instances of removal or falsification of copyright management information.

### Claim Four – Breach of Contract

**84.**

365 Connect re-alleges and re-avers paragraphs 1-83 as if fully alleged herein.

**85.**

The Terms of Use constituted a valid, enforceable contract between the parties.

**86.**

Somerset breached the Terms of Use as described above.

**87.**

As a direct and proximate result of Somerset's breach, 365 Connect has, and continues to, suffer(ed) damages as described more fully above.

**88.**

365 Connect prays that this Honorable Court award damages against Somerset for all incidental and consequential damages, actual damages, court costs, attorney fees, and any and all other relief the Court finds just and equitable.

**Claim Five – Unjust Enrichment**

**89.**

365 Connect re-alleges and re-avers paragraphs 1-88 as if fully alleged herein.

**90.**

Somerset has enjoyed substantial savings by no longer paying 365 Connect its fee on the original ten properties.

**91.**

Somerset has also enjoyed substantial benefit by taking 365 Connect's property and utilizing it on at least forty-two different properties.

**92.**

Additionally, it is possible that Somerset charges property owners an additional fee for the work product it has misappropriated from 365 Connect.

**93.**

Further, Somerset likely uses the template and platform it has misappropriated from 365 Connect in order to attract new customers and/or retain existing customers.

**94.**

Somerset should be made to disgorge any and all profits received from the forty-two subject properties since Somerset's initial misappropriation of 365 Connect's property.

**95.**

365 Connect prays that this Honorable Court award damages against Somerset for all incidental and consequential damages, actual damages, court costs, attorney fees, and any and all other relief the Court finds just and equitable.

## Claim Six – Promissory Estoppel

**96.**

365 Connect re-alleges and re-avers paragraphs 1-95 as if fully alleged herein.

**97.**

365 Connect only engaged in business with Somerset based on Somerset's acceptance of the Terms of Use.

**98.**

One of the principal factors in 365 Connect's decision to engage with Somerset was Somerset's representation that it would not misappropriate 365 Connect's work product.

**99.**

But for that representation, 365 Connect never would have provided any services to Somerset.

**100.**

Accordingly, Somerset should be estopped from misappropriating 365 Connect's property.

**101.**

Further, Somerset should be required to disgorge any and all profits garnered from its misappropriation – including mere savings.

**102.**

365 Connect prays that this Honorable Court award damages against Somerset for all incidental and consequential damages, actual damages, court costs, attorney fees, and any and all other relief the Court finds just and equitable.

**<u>Claim Seven – Conversion</u>**

**103.**

365 Connect re-alleges and re-avers paragraphs 1-102 as if fully alleged herein.

**104.**

Somerset has converted 365 Connect's property.

**105.**

Somerset has announced an intention to permanently convert that property.

**106.**

Somerset's actions constitute civil conversion.

**107.**

Somerset should be forced to pay a licensing fee, which includes the monthly charge for each site from the time of conversion in perpetuity for each and every property managed by Somerset.

**108.**

365 Connect prays that this Honorable Court award damages against Somerset for all incidental and consequential damages, actual damages, court costs, attorney fees, and any and all other relief the Court finds just and equitable.

**<u>Claim Eight – Louisiana Unfair Trade Practices Act</u>**

**109.**

365 Connect re-alleges and re-avers paragraphs 1-108 as if fully alleged herein.

**110.**

La. R.S. 51:1401 *et seq.* prohibits the use of unfair or deceptive acts or practices.

**111.**

The actions of Somerset constitute unfair and/or deceptive practices.

**112.**

The natural effect of Somerset's actions is to divert business from 365 Connect.

**113.**

365 Connect has filed a complaint with the Attorney General of the State of Louisiana.

**114.**

Accordingly, Somerset is on notice of the unfair and/or deceptive nature of its actions.

**115.**

Accordingly, damages should be trebled and Somerset should be forced to pay for any and all attorney fees.

**116.**

365 Connect prays that this Honorable Court award treble damages against Somerset for all incidental and consequential damages, actual damages, court costs, attorney fees, and any and all other relief the Court finds just and equitable.

**Claim Nine – Trade Dress Infringement and Federal Deceptive Practices**

**117.**

365 Connect re-alleges and re-avers paragraphs 1-116 as if fully alleged herein.

**118.**

The website design of 365 Connect's platform, including color, code elements, and orientation is distinctive, widely recognized by consumers, and has become a valuable indicator of the source and origin of the services provided, facilitating brand identity and growth of sales.

**119.**

365 Connect has full ownership of the platform and its trade dress.

**120.**

The dress on the 365 Connect Software as Service platform is nonfunctional but rather decorative and designed to attract consumers.

**121.**

Somerset, by and through its web developer and agent, Jason Martin, copied 365 Connect's style choices along with the content of the website templates, including color, font and hyperlinks.  *Compare* Exhibit B, a sample of 365 Connect's work, and Exhibit C, a copy of the material currently in use by Somerset.  These exhibits are not exhaustive but merely illustrative of the large number of infringing items.

**122.**

Somerset used the platform's trade dress including design, layout, and template without the consent of 365 Connect in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Somerset's sites.

**123.**

Somerset's use of 365 Connect's trade dress is further likely to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with 365 Connect, or as to the origin, sponsorship or approval of Defendants' services, information or commercial activities with Plaintiff in violation of 15 U.S.C. § 1125(a).

**124.**

365 Connect prays that this Honorable Court award treble damages against Somerset for all incidental and consequential damages, actual damages, court costs, attorney fees, and any and all other relief the Court finds just and equitable.

**Request for Injunction**

**125.**

365 Connect re-alleges and re-avers paragraphs 1-124 as if fully alleged herein.

**126.**

The damage to 365 Connect is ongoing and substantial.

**127.**

With the passage of time, damages will become more difficult to calculate.

**128.**

Additionally, much of the damage to 365 Connect will be irreparable.

**129.**

Accordingly, 365 Connect prays that Somerset be ordered to remove its sites immediately or in the alternative be ordered to immediately abandon all templates and material taken from 365 Connect.

**130.**

Injunction is further proper in accordance with 17 U.S.C. § 1203(b)(1); and the infringing websites may be ordered destroyed pursuant to 17 U.S.C. § 1203(b)(6).

**Demand For Trial By Jury**

Plaintiff demands a trial by jury.

**Prayer for Relief**

Wherefore, 365 Connect prays that after due proceedings be had, this Honorable Court issue judgment in favor of 365 Connect and against Defendants Somerset and Martin for:

**a.**   Copyright infringement as laid out in Claim One above for actual damages, statutory damages, attorney fees, and any and all additional relief that the Court may find appropriate;

**b.**   Circumvention of Access Controls in Violation of the Digital Millennium Copyright Act as laid out in Claim Two above for actual damages, statutory damages, attorney fees, and any and all additional relief that the Court may find appropriate;

**c.**   Removal of Copyright Management Information in Violation of the Digital Millennium Copyright Act as laid out in Claim Three above for actual damages, statutory damages, attorney fees, and any and all additional relief that the Court may find appropriate;

**d.**   Breach of Contract as laid out in Claim Four above for actual damages, statutory damages, attorney fees, and any and all additional relief that the Court may find appropriate;

**e.**   Unjust Enrichment as laid out in Claim Five above for actual damages, statutory damages, attorney fees, and any and all additional relief that the Court may find appropriate;

**f.**   Promissory Estoppel as laid out in Claim Six above for actual damages, statutory damages, attorney fees, and any and all additional relief that the Court may find appropriate;

**g.**     Conversion as laid out in Claim Seven above for actual damages, statutory damages, attorney fees, and any and all additional relief that the Court may find appropriate;

**h.**     Violations of the Louisiana Unfair Trade Practices Act as laid out in Claim Eight above for actual damages, treble damages, statutory damages, attorney fees, and any and all additional relief that the Court may find appropriate;

**i.**     Trade Dress Infringement and Federal Deceptive Practices as laid out in Claim Nine above for actual damages, treble damages, statutory damages, attorney fees, and any and all additional relief that the Court may find appropriate;

**j.**     Granting an injunction restraining the Defendants from the violations described in this Complaint;

**k.**     Any and all other causes of action proven at trial or during the course of these proceedings.

Respectfully submitted:

__/s/ Galen M. Hair_____
Galen M. Hair, T.A. (La. Bar No. 32865)
Benjamin C. Varadi (La. Bar No. 33421)
Varadi, Hair & Checki, LLC
650 Poydras St., Ste. 1550
New Orleans, LA 70130
Facsimile: (504) 613-6351
hair@vhclaw.com
varadi@vhclaw.com
**Attorneys for 365 Connect, LLC**