```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


365 CONNECT, LLC                              CIVIL ACTION

VERSUS                                        NO. 14-995

SOMERSET PACIFIC, LLC &                       SECTION "F"
JASON MARTIN
```

ORDER & REASONS

Before the Court is Jason Martin's motion to dismiss for lack of personal jurisdiction and improper venue or to transfer venue. For the reasons that follow, the motion to dismiss is GRANTED.

**Background**

This is a copyright infringement and breach of contract case.

365 Connect is a Louisiana company that provides web-based computer software development services to property owners and managers in the multifamily housing industry. Somerset Pacific is a property management company registered and operating in Idaho and Jason Martin is a web developer and consultant who lives and works in Idaho. 365 alleges that Somerset initially contracted with it for web-design services but then abruptly terminated the agreement. 365 further alleges that Somerset then hired Jason Martin for the specific purpose of copying website designs previously created by 365. On April 30, 2014, 365 filed suit against Somerset and Martin alleging copyright infringement, breach of contract, and other related claims. Martin now moves to dismiss for lack of personal

1

jurisdiction and improper venue, or, alternatively, to transfer venue.

I.

Rule 12(b)(2) of the Federal Rules of Civil Procedure allows a defendant to challenge the Court's exercise of personal jurisdiction over it. When a nonresident defendant, like Martin, seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing the Court's jurisdiction over the defendant, but need only make a prima facie case if the Court rules without an evidentiary hearing. See Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008); see also Luv N' Care v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006). The Court takes all uncontroverted allegations in the complaint as true and resolves any conflicts in the plaintiffs' favor. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994). The Court is not restricted to pleadings, but may consider affidavits, interrogatories, depositions, or any other appropriate method of discovery. Id.; see Jobe v. ATR Mktg., Inc., 87 F.3d 751, 752 (5th Cir. 1996).

II.

A.

The Court may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied: (1) the forum state's long-arm statute confers personal jurisdiction;

and (2) the exercise of jurisdiction comports with due process. See Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006). Because the limits of Louisiana's long-arm statute are coextensive with the limits of constitutional due process, the two-part inquiry merges into one: whether this Court's exercise of jurisdiction over the defendant would offend due process. See La. R.S. 13:3201(B); Luv N' Care, 438 F.3d at 469; see also Electrosource, Inc. v. Horizon Battery Techs., Ltd., 176 F.3d 867, 871 (5th Cir. 1999).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985)(citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14 (1994)(The Due Process Clause limits the Court's power to assert personal jurisdiction over a nonresident defendant.). In order to conclude that the exercise of personal jurisdiction comports with the Due Process Clause, it must be shown that: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." Choice Healthcare, Inc. v. Kaiser

Foundation Health Plan of Colorado, 615 F.3d 364, 367 (5th Cir. 2010)(citations omitted). "The 'minimum contacts' inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that [he] 'reasonably anticipates being haled into court'" in the forum state. McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009).

The minimum contacts inquiry takes two forms, and the constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court is asked to exercise general or specific jurisdiction over the defendant. Choice Healthcare, 615 F.3d at 368 ("The 'minimum contacts' prong of the two-part test may be further subdivided into contacts that give rise to 'general' personal jurisdiction and 'specific' personal jurisdiction."). Regardless of whether the lawsuit is related to the defendant's contacts with the forum, courts may exercise general jurisdiction over any lawsuit brought against a defendant that has substantial, continuous, and systematic general contacts with the forum state. See Seiferth, 472 F.3d at 271 (citing Helicopteros Nactionales, 466 at 413-14); Moncrief Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 312 (5th Cir. 2007)("Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction."). "If", on the other hand, "a defendant has relatively few contacts, a court may still exercise specific jurisdiction 'in a suit arising out of or related to the defendant's contacts with the forum.'" Id. General

jurisdiction focuses on incidents of continuous activity within the disputed forum; specific jurisdiction is more constrained by virtue of a very limited nexus with the forum.

If a plaintiff demonstrates minimum contacts between the defendant and the forum state, then the Court may exercise personal jurisdiction unless the defendant makes a "compelling case" that the exercise of jurisdiction is unfair or unreasonable. Burger King, 471 U.S. at 477; Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 215 (5th Cir. 1999). In determining whether the exercise of jurisdiction is fair and reasonable, the Court considers certain fairness factors, including: (1) the burden on the non-resident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental social policies. See Nuovo Pignone v. Storman Asia M/V, 310 F.3d 374, 382 (5th Cir. 2002)(citation omitted).

Martin contends that the Court lacks personal jurisdiction over him because the plaintiff fails to allege a sufficient jurisdictional nexus between him and the State of Louisiana. Plaintiff counters that Martin has contacts with Louisiana

sufficient to confer specific jurisdiction.[1]

*B.*

"In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" Goodyear Dunlop Tires Operations v. Brown, 131 S. Ct. 2846, 2851 (2011). The Fifth Circuit has articulated a three-step personal jurisdiction inquiry "fully applicable to jurisdiction questions generated by" the Internet:

> (1) Did the plaintiff's cause of action arise out of or result from the defendant's forum-related contacts?
>
> (2) Did the defendant purposefully direct its activities toward the forum state or purposefully avail itself of the privilege of conducting activities therein; and
>
> (3) Would the exercise of personal jurisdiction over the defendant be reasonable and fair?

Pervasive Software, Inc. v. Lexware GMBH & Co. KG, 688 F.3d 214, 227 (5th Cir. 2012).[2] "[T]he defendant's contacts [with the forum] must be more than 'random, fortuitous, or attenuated, or of the unilateral activity of another party or third person,'"; however,

---

[1] It is undisputed that this Court lacks general jurisdiction over Martin.

[2] If the plaintiff establishes (1) and (2), then the burden shifts to the defendant, who must show that it would be unfair or unreasonable to exercise jurisdiction. Id.

the Fifth Circuit observes that, unlike general jurisdiction, "specific jurisdiction may exist where there are only isolated or sporadic contacts, so long as the plaintiff's claim relates to or arises out of those contacts." ITL Int'l, Inc. v. Constenla, S.A., 669 F.3d 493, 499 (5th Cir. 2012)(citations omitted).

Finally, specific personal jurisdiction is claim-specific; that is, if a plaintiff's claims relate to different forum contacts of the defendant, then specific jurisdiction must be established for each claim. Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 274-75 (5th Cir. 2006); McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009), cert. denied, 131 S. Ct. 68 (2010).

*C.*

Under the principles of specific jurisdiction, the Court must determine whether the alleged contacts with Louisiana arise out of or are related to the asserted claims. Plaintiff raises three claims against Martin. First, plaintiff alleges copyright infringement:

> **66.**
> Defendants Somerset and Jason Martin used Somerset's subscriber access to 365 Connect's works of authorship in order to copy them and/or create derivatives therein.
>
> **67.**
> Somerset's websites, as developed by Jason Martin under Somerset's direction, are probatively and substantially similar to the templates created for the 365 Connect subscriber platform.
>
> **68.**
> Somerset's use of the infringing websites created by

Jason Martin has deprived 365 Connect of revenue.

**69.**
The infringing development of the websites was willful.

Second, plaintiff alleges that Martin circumvented access controls in violation of the Digital Millennium Copyright Act (DMCA). Specifically, plaintiff alleges that:

**74.**
365 Connect employed a number of technological measures to preclude unauthorized access and copying of the 365 Intellectual Property, including but not limited to implementation of a username and password scheme limiting access to authorized users.

**75.**
Defendant Somerset knowingly and willingly circumvented these technological measures by providing Jason Martin with access to the 365 Connect technology platform and/or accessing it directly for purposes of creating unauthorized derivative works and/or copies. Jason Martin knowingly and wilfully used such access for these purposes.

Third, plaintiff alleges that Martin removed copyright management information in violation of the DMCA:

**79.**
365 Connect provided copyright notice and author attribution information, including both public notice and/or HTML "metadata," "comments," and/or other source code within the 365 Intellectual Property.

**80.**
In creating copies of the 365 Intellectual Property Defendant Jason Martin, on behalf of and on instruction from Defendant Somerset, knowingly and with the intent to facilitate or conceal infringement intentionally removed such copyright management information.

**81.**
Defendants did then knowingly and with the intent to

>  facilitate or conceal infringement provide false copyright management information claiming Somerset held copyright in the infringing works.

Each of these claims arise out of the same alleged forum contacts. It is undisputed that Martin lives and works in Idaho and that all of his alleged acts occurred in Idaho.[3] Plaintiff's only basis for claiming contacts between Martin and this forum is the allegation that Martin purposefully directed his tortious activities at plaintiff, a Louisiana company. Plaintiff submits this is sufficient to confer specific personal jurisdiction. The Court disagrees.

Plaintiff asserts that under Calder v. Jones, 465 U.S. 783 (1984), this Court has specific jurisdiction over a nonresident defendant who engages in intentional tortious conduct designed to injure the plaintiff in the forum state. But Calder is more limited in scope than plaintiff suggests. In Calder, the Supreme Court held that specific jurisdiction was warranted because the defendant's activities intentionally made the forum "the focal point...of the harm suffered." Moreover, the U.S. Court of Appeals for the Fifth Circuit has held that the "effects test" of Calder is "not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state." Allred v. Moore & Peterson, 117 F.3d 278, 286 (5th Cir. 1997). Instead, Calder's applicability is limited to cases in

---

[3] In fact, Martin has never even been to Louisiana.

9

which "allegedly tortious acts...were expressly aimed at the forum state and the nonresident defendants knew that their acts would have an impact on the plaintiff in the forum state." Id. "Foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum." Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 212 (5th Cir. 1999).

Plaintiff's invocation of Calder falls short. There is simply no evidence that any of Martin's acts "were expressly aimed at the forum state and the nonresident defendant[] knew that [his] acts would have an impact on the plaintiff in the forum state." Allred, 117 F.3d at 286. Instead, any contacts between Martin and Louisiana rest on "the mere fortuity" that plaintiff happened to be a Louisiana company. See Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773 (5th Cir. 1986). Plaintiff fails to satisfy its prima facie case of specific jurisdiction as to Martin.

Accordingly, Martin's motion to dismiss for lack of personal jurisdiction is GRANTED

New Orleans, Louisiana, August 11, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE